# EXHIBIT A

**BRAVERMAN, PLLC**
Daniel S. Braverman (Atty ID: 028951994)
Davin P. Cellura, Of Counsel (Atty ID: 043311997)
Attorneys for Plaintiff
19 West 44th Street, Suite 1500
New York, New York 10036
(212) 233-2910 (tel.)
(646) 385-7549 (fax)
dbraverman@bravelaw.com
dcellura@bravelaw.com
(please use above address for correspondence/communications)

2501 Highway 516, Suite 200
Old Bridge, New Jersey 08857
(by appointment only)

| | |
|---|---|
| JOHN A. ARATO,<br><br>Plaintiff,<br><br>v.<br><br>CERTIFIED MOVING & STORAGE CO., LLC, and MICHAEL MARIANI,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: HUDSON COUNTY<br>DOCKET NO.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMANDED** |

Plaintiff JOHN A. ARATO ("ARATO" or "Plaintiff"), by and through his counsel, BRAVERMAN, PLLC, complaining of the Defendants CERTIFIED MOVING & STORAGE CO., LLC ("Certified") and MICHAEL MARIANI ("Defendant Mariani") (Certified and Defendant Mariani collectively, "Defendants"), alleges:

## INTRODUCTION

1. This is an action for the recovery of damages caused by unlawful discrimination and retaliation engaged in and/or aided, abetted, incited, compelled or coerced by Defendants in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. (the "NJLAD").

## PARTIES

2. ARATO is an individual who resides at 55 Eggers Street, East Brunswick, New Jersey 08816, and was born in October 1960 and is 60 years old.

3. Certified is a limited liability company and is a business that provides relocation, furniture and glass wall delivery and installation, and warehousing services.

4. ARATO was employed by Certified from approximately September 6, 2005 through his termination from employment on June 6, 2019, and worked at Certified's facility located at 120 Enterprise Avenue South, Secaucus, New Jersey 07094 (the "Secaucus facility") in Hudson County.

5. Upon information and belief, in addition to having a business address at 120 Enterprise Avenue South, Secaucus, New Jersey 07094, Certified also has a business address at 286 Madison Avenue, 15th Floor, New York, NY 10017.

6. At all times relevant, Defendant Mariani was Certified's Managing Principal.

7. At all times relevant, Defendant Mariani had and exercised control over the terms and conditions of ARATO's employment and Certified's actions with respect to ARATO, including such actions serving as the basis for the claims set forth herein.

8. At all times relevant, Certified was an "employer" within the meaning of the NJLAD.

9. Defendant Mariani is an individual who, upon information and belief, has a business address at 120 Enterprise Avenue South, Secaucus, New Jersey 07094 and at 286 Madison Avenue, 15th Floor, New York, NY 10017.

10. At all times relevant, Defendant Mariani directly participated in, and aided, abetted, incited, compelled or coerced, the discriminatory and otherwise unlawful employment

decisions and actions taken against ARATO, and/or he holds and exercises the power to carryout personnel decisions for Certified, including the personnel decisions affecting ARATO and serving as the basis for the claims set forth herein.

11. Venue is proper pursuant to Rule 4:3-2(a)(3).

**FACTS**

12. On or about September 6, 2005, ARATO commenced employment with Certified and, at all times relevant, held the position of New Furniture Warehouse Manager.

13. Throughout ARATO’s employment, he consistently performed his work duties at or above performance standards and received positive feedback concerning his work performance.

14. ARATO frequently worked beyond his regular work hours, was always available by telephone, and often received calls, supported operations, and/or went into work on weekends or other scheduled days off.

15. In approximately November 2018, Kaleena Garcia a female worker who, upon information and belief, is in her 30s and substantially younger than ARATO, was assigned to work at the Secaucus facility.

16. Defendant Mariani told ARATO at the time that Ms. Garcia was his equal, even though she had much less experience and tenure than ARATO did.

17. Nonetheless, ARATO accepted this and immediately began training Ms. Garcia how to perform the many duties of the New Furniture Warehouse Manager position, and ARATO had Ms. Garcia shadow him regularly when performing work and at meetings so that she could gain a further understanding of the position’s responsibilities.

18. ARATO also helped Ms. Garcia get to know Certified's clients, familiarized her with Certified's systems and processes, and introduced her to coworkers.

19. Ms. Garcia commuted to work by train and ARATO provided Ms. Garcia with daily rides between the Secaucus facility and the train station to which she travelled.

20. Because ARATO typically arrived at work before Ms. Garcia and left work after her, ARATO would set aside the work he was performing to pick up Ms. Garcia at the train station in the morning and drop off Ms. Garcia at the train station in the afternoon, after which ARATO would return to the Secaucus facility to continue addressing business matters and wrap up his work for the evening.

21. ARATO did not object to doing so and was happy to help Ms. Garcia, as he valued the business relationship they had forged over time and he respected her.

22. Although Ms. Garcia initially shadowed ARATO when performing work and at meetings, ARATO eventually stopped being invited to and was excluded from business meetings that ARATO previously attended.

23. Defendant Mariani also demonstrated his animus toward ARATO, including during an episode only weeks before ARATO's separation from employment in which Defendant Mariani referred to ARATO with the use of an epithet and other offensive and unacceptable workplace remarks.

24. Nonetheless, as noted above, ARATO consistently performed his work duties at or above performance standards.

25. Throughout his employment, ARATO was not counseled, disciplined, or issued a warning of any sort regarding performance or related issues.

26. Indeed, ARATO received raises and bonuses throughout his employment, even in the months leading up to his unlawful termination.

27. For instance, in December 2018, ARATO received an approximately $10,000 bonus and a substantial raise.

28. In approximately February or March 2019, ARATO also received an approximately $10,000 voluntary contribution to his retirement plan.

29. Nonetheless, on June 6, 2019, ARATO was suddenly and without warning called into a meeting and Defendant Mariani informed ARATO that his employment with Certified was being terminated effectively immediately.

30. In response to ARATO's repeated requests for an explanation why ARATO was being fired, Defendant Mariani repeatedly stated that, in sum or substance, "You just don't fit in".

31. Defendant Mariani refused to explain how, after almost 14 years of service, ARATO no longer "fit in" at Certified.

32. At the meeting, Defendant Mariani gave a letter to ARATO whereby Certified, among other things, sought a release from ARATO of all employment-related claims.

33. Instead of granting ARATO up to the 21 days to consider the terms of the letter, as set forth in the letter, Defendant Mariani pressured ARATO at the meeting to sign the letter immediately and without an opportunity to review it.

34. Upon ARATO's termination from employment, his duties were assigned to Ms. Garcia, who is female, believed to be under 40 years old, and substantially younger than ARATO.

35. After his unlawful discharge, ARATO was retaliated against.

36. In this respect, ARATO sought legal advice regarding his legal rights, shared with legal counsel information relevant to his discrimination claims, and through such legal counsel, sent a letter, dated June 28, 2019, to Certified to oppose and complain about, in good faith, discriminatory practices and/or acts prohibited under the NJLAD.

37. Prior to sending the June 28, 2019 letter, ARATO had applied to the New Jersey Department of Labor and Workforce Development (the "NJDOL") for unemployment insurance benefits to help him financially after suddenly losing his employment with Certified.

38. However, thereafter, Certified submitted to the NJDOL a letter, dated July 2, 2019, which falsely and maliciously accused ARATO of engaging in misconduct, in an effort to deny ARATO the unemployment insurance benefits to which he was entitled.

39. Upon information and belief, the misconduct purportedly included an allegation of sexual harassment engaged in by ARATO and/or an allegation that ARATO made remarks of a sexual nature to Ms. Garcia.

40. ARATO, however, did not engage in any such alleged misconduct.

41. Furthermore, upon information and belief, Ms. Garcia did not report, disclose, or complain to Certified about misconduct allegedly engaged in by ARATO.

42. Alternatively, to the extent Ms. Garcia reported, disclosed, or complained to Certified about such misconduct, Certified did not investigate and give ARATO an opportunity to address or respond to such allegations of misconduct.

43. In addition, ARATO was not told that alleged misconduct was the basis, in whole or in part, for his discharge.

44. To the contrary, as noted above, the sole reason ARATO was given for his termination was because, in sum or substance, ARATO no longer "fit in" at Certified.

45. ARATO was initially denied unemployment insurance benefits based on the false and malicious assertions set forth in the July 2, 2019 letter.

46. However, after a hearing related to ARATO's claim for unemployment insurance benefits, the NJDOL determined that ARATO was not discharged for misconduct and was eligible for such benefits.

**AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF UNDER THE NJLAD AGAINST CERTIFIED FOR UNLAWFUL AGE DISCRIMINATION**

47. ARATO incorporates the preceding paragraphs as if fully set forth herein.

48. By and through their course of conduct as alleged above, Certified and its agents have discriminated against ARATO in violation of the NJLAD by subjecting him to disparate treatment in comparison to other workers and adverse actions because of his age.

49. As a direct and proximate result of Certified's unlawful conduct in violation of the NJLAD, ARATO has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

50. Certified's unlawful conduct constitutes a willful and wanton violation of the NJLAD, was outrageous and malicious, was intended to injure ARATO, and was done with reckless indifference to ARATO's rights.

51. ARATO has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF UNDER THE NJLAD AGAINST CERTIFIED FOR UNLAWFUL SEX DISCRIMINATION**

52. ARATO incorporates the preceding paragraphs as if fully set forth herein.

53. By and through their course of conduct as alleged above, Certified and its agents have discriminated against ARATO in violation of the NJLAD by subjecting him to disparate treatment in comparison to other workers and adverse actions because of his sex.

54. The course of conduct giving rise to sex discrimination in violation of the NJLAD includes, but is not limited to, the termination of the employment of ARATO and ARATO being replaced by Ms. Garcia, a female worker who was assigned to perform in the same or materially similar position as ARATO and whom ARATO was compelled to train to perform his duties.

55. Furthermore, ARATO was discriminated against because of his sex in violation of the NJLAD insofar as Certified falsely accused ARATO of sexually harassing Ms. Garcia and/or making remarks of a sexual nature to Ms. Garcia, which false accusations were made to justify ARATO's termination and would not have been made but for, and/or were made based on, ARATO's sex. Alternatively, if Ms. Garcia reported, disclosed, or complained about such alleged misconduct, Certified accepted allegations made by Ms. Garcia, a female, as true (which they are not), failed to conduct an appropriate investigation and afford ARATO, a male, an opportunity to address and respond to such allegations, and used such allegations as a basis to terminate the employment of ARATO.

56. As a direct and proximate result of Certified's unlawful conduct in violation of the NJLAD, ARATO has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

57. Certified's unlawful conduct constitutes a willful and wanton violation of the NJLAD, was outrageous and malicious, was intended to injure ARATO, and was done with reckless indifference to ARATO's rights.

58. ARATO has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF UNDER THE NJLAD AGAINST DEFENDANT MARIANI FOR UNLAWFUL AGE DISCRIMINATION**

59. ARATO incorporates the preceding paragraphs as if fully set forth herein.

60. By and through his course of conduct as alleged above, Defendant Mariani has discriminated against ARATO, and/or has aided, abetted, incited, compelled or coerced acts of discrimination against ARATO, in violation of the NJLAD by subjecting ARATO to disparate treatment in comparison to other workers and adverse actions because of his age.

61. As a direct and proximate result of Defendant Mariani's unlawful conduct in violation of the NJLAD, ARATO has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

62. Defendant Mariani's unlawful conduct constitutes a willful and wanton violation of the NJLAD, was outrageous and malicious, was intended to injure ARATO, and was done with reckless indifference to ARATO's rights.

63. ARATO has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF UNDER THE NJLAD AGAINST DEFENDANT MARIANI FOR UNLAWFUL SEX DISCRIMINATION**

64. ARATO incorporates the preceding paragraphs as if fully set forth herein.

65. By and through his course of conduct as alleged above, Defendant Mariani has discriminated against ARATO, and/or has aided, abetted, incited, compelled or coerced acts of discrimination against ARATO, in violation of the NJLAD by subjecting ARATO to disparate treatment in comparison to other workers and adverse actions because of his sex.

66. The course of conduct giving rise to sex discrimination in violation of the NJLAD includes, but is not limited to, the termination of the employment of ARATO and ARATO being replaced by Ms. Garcia, a female who was assigned to perform in the same or materially similar position as ARATO and whom ARATO was compelled to train to perform his duties.

67. Furthermore, ARATO was discriminated against because of his sex in violation of the NJLAD insofar as Defendant Mariani falsely accused and/or aided, abetted, incited, compelled or coerced Certified to falsely accuse ARATO of sexually harassing Ms. Garcia and/or making remarks of a sexual nature to Ms. Garcia, which false accusations were made to justify ARATO's termination and would not have been made but for, and/or were made based on, ARATO's sex. Alternatively, if Ms. Garcia reported, disclosed, or complained about such alleged misconduct, Defendant Mariani accepted and/or aided, abetted, incited, compelled or coerced Certified to accept allegations made by Ms. Garcia, a female, as true (which they are not), failed to conduct and/or aided, abetted, incited, compelled or coerced Certified not to conduct an appropriate investigation and afford ARATO, a male, an opportunity to address and

respond to such allegations, and used and/or aided, abetted, incited, compelled or coerced Certified to use such allegations as a basis to terminate the employment of ARATO.

68. As a direct and proximate result of Defendant Mariani's unlawful conduct in violation of the NJLAD, ARATO has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

69. Defendant Mariani's unlawful conduct constitutes a willful and wanton violation of the NJLAD, was outrageous and malicious, was intended to injure ARATO, and was done with reckless indifference to ARATO's rights.

70. ARATO has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF UNDER THE NJLAD AGAINST CERTIFIED FOR UNLAWFUL RETALIATION**

71. ARATO incorporates the preceding paragraphs as if fully set forth herein.

72. By and through their course of conduct as alleged above, Certified and its agents have retaliated against ARATO in violation of the NJLAD by taking reprisals against ARATO because he engaged in activities protected by the NJLAD.

73. Such protected activities include, inter alia, ARATO opposing practices and/or acts forbidden under the NJLAD, seeking legal advice regarding his rights protected by the NJLAD, sharing relevant information with legal counsel, and asserting his rights against discrimination through such legal counsel.

74. As a direct and proximate result of Certified's unlawful conduct in violation of the NJLAD, ARATO has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

75. Certified's unlawful conduct constitutes a willful and wanton violation of the NJLAD, was outrageous and malicious, was intended to injure ARATO, and was done with reckless indifference to ARATO's rights.

76. ARATO has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF UNDER THE NJLAD AGAINST DEFENDANT MARIANI FOR UNLAWFUL RETALIATION**

77. ARATO incorporates the preceding paragraphs as if fully set forth herein.

78. By and through his course of conduct as alleged above, Defendant Mariani has retaliated against ARATO in violation of the NJLAD by taking reprisals against ARATO and/or has aided, abetted, incited, compelled or coerced the taking of reprisals against ARATO because he engaged in activities protected by the NJLAD.

79. Such protected activities include, inter alia, ARATO opposing practices and/or acts forbidden under the NJLAD, seeking legal advice regarding his rights protected by the NJLAD, sharing relevant information with legal counsel, and asserting his rights against discrimination through such legal counsel.

80. As a direct and proximate result of Defendant Mariani's unlawful conduct in violation of the NJLAD, ARATO has suffered and continues to suffer financial and economic

damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

81. Defendant Mariani's unlawful conduct constitutes a willful and wanton violation of the NJLAD, was outrageous and malicious, was intended to injure ARATO, and was done with reckless indifference to ARATO's rights.

82. ARATO has been caused to suffer and continues to suffer injuries and damages in amounts to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** ARATO respectfully prays that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of the NJLAD;

(b) enjoining and permanently restraining such violations of the NJLAD;

(c) directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect ARATO's employment opportunities;

(d) directing Defendants to reinstate ARATO to the position he would have occupied but for Defendants' unlawful conduct and making him whole for all earnings and benefits, monies and other things he would or could have received but for Defendants' unlawful conduct, including without limitation, awarding ARATO against Defendants such damages including but not limited to lost back pay, front pay, pension benefits, bonuses, overtime pay, lost financial opportunities damages, other economic losses, and lost employment benefits, all plus interest and all in an amount to be determined at trial;

(e) directing Defendants to pay punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, reputational damage, emotional and physical distress in order to compensate ARATO for the injuries he has suffered and continues to suffer as a result of Defendants' unlawful conduct, and to further signal to other employers that discrimination and retaliation in employment is repulsive to legislative enactments and will not be tolerated, all plus interest and penalties in an amount to be determined at trial;

(f) awarding ARATO the costs of this action, together with reasonable attorney's fees and costs and expert's fees and costs;

(g) awarding ARATO such interest and other financial compensation as is allowed by law;

(h) awarding ARATO damages to compensate for any adverse tax consequences; and

(i) awarding ARATO such other and further relief as the Court deems just and proper.

**DEMAND FOR A TRIAL BY JURY**

ARATO hereby respectfully demands a trial by jury on all issues of fact and damages stated herein.

BRAVERMAN, PLLC

Attorneys for Plaintiff

Dated: May 25, 2021 By: S/ Daniel S. Braverman
S/ Davin P. Cellura, Of Counsel

**RULE 4:5-1 CERTIFICATION OF NO OTHER ACTIONS**

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief. Also, to the best of my belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties who should be joined in the action. In addition, I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

BRAVERMAN, PLLC

Attorneys for Plaintiff

Dated: May 25, 2021 By: S/ Daniel S. Braverman
S/ Davin P. Cellura, Of Counsel

**DEMAND FOR DISCOVERY OF INSURANCE COVERAGE**

Pursuant to Rule 4:10-2(b), demand is made that each Defendant disclose to Plaintiff's attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe, and

umbrella policies.

BRAVERMAN, PLLC

Attorneys for Plaintiff

Dated: May 25, 2021 By: S/ Daniel S. Braverman
S/ Davin P. Cellura, Of Counsel

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-002107-21

**Case Caption:** ARATO JOHN VS CERTIFIED MOVING & S TORAGE CO
**Case Initiation Date:** 05/25/2021
**Attorney Name:** DAVIN PAUL CELLURA
**Firm Name:** BRAVERMAN, PLLC
**Address:** 19 WEST 44TH STREET, STE 1500
NEW YORK NY 10036
**Phone:** 2122332910
**Name of Party:** PLAINTIFF : Arato, John, A
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: John A Arato? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/25/2021
Dated

/s/ DAVIN PAUL CELLURA
Signed